UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RANDOLPH CHASE,

                    Petitioner,

          - against -

JULIE WOLCOTT, Superintendent,
Orleans Correctional Facility,

                    Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-6112 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner Randolph Chase, currently incarcerated at the Orleans Correctional Facility and proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Petition, Dkt. 1.) Because the petition is untimely and there is no basis for statutory or equitable tolling, it must be dismissed as time-barred.

## BACKGROUND

**I.    State Court Proceedings**

In 2011, Petitioner pleaded guilty to two counts of robbery in the first degree, two counts of burglary in the first degree, one count of robbery in the second degree, and one count of conspiracy in the fourth degree. (*See* Petition, Dkt. 1, at ECF[1] 2, 41); *see also People v. Chase*, 955 N.Y.S.2d 891, 891 (N.Y. App. Div. 2012). On September 20, 2011, the Supreme Court of New York, Nassau County, sentenced Petitioner to concurrent 14-year prison terms on the robbery and burglary convictions, and a concurrent two to four-year prison term on the conspiracy conviction. (Petition, Dkt. 1, at ECF 41.) On December 26, 2012, the Appellate Division, Second

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Department, affirmed Petitioner's convictions and sentences. *Chase*, 955 N.Y.S.2d at 891–92. On March 11, 2013, the Court of Appeals denied leave to appeal. *People v. Chase*, 20 N.Y.3d 1097 (2013). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Seven years later, on June 3, 2020, Petitioner filed a motion in the state trial court to set aside his sentences pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20. (*See* Petition, Dkt. 1, at ECF 17.) By order entered on September 28, 2020, the state trial court denied the motion. (*Id.* at ECF 38, 44.) Petitioner sought leave from the Appellate Division to appeal the trial court's decision, but on October 30, 2020, the Appellate Division rejected Petitioner's filing for missing documents. (*See id.* at ECF 14–16.)

## II. Habeas Petition

Petitioner filed the instant habeas petition on November 25, 2020, the date on which the petition was placed in the institutional mailbox. (*See id.* at ECF 11); *see also Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (per curiam) (extending the prison mailbox rule, which deems the date of filing to be the date on which a document is given to prison officials, to *pro se* habeas petitions). By order dated January 29, 2021, the Court permitted Petitioner to proceed *in forma pauperis*, but because his habeas petition appeared to be untimely, the Court ordered Petitioner to submit an affirmation showing why the petition should not be dismissed as time-barred. (January 29 Order, Dkt. 4, at 1.) On April 27, 2021, the Court received an affirmation from Petitioner setting forth an alleged basis for the equitable tolling of the limitations period.[2] (Petitioner's Affirmation ("Pet'r Aff."), Dkt. 6.)

---

[2] On the same day, the Court also received a memorandum of law from Petitioner. (*See* Dkt. 7.) This memorandum of law, however, does not address the statute-of-limitations issue. Instead, it addresses the distinct issues of exhaustion and procedural default. (*See generally id.*)

## DISCUSSION

**I.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, provides a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d). The one-year period begins on one of the following four dates, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1); *see also Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (interpreting the statute of limitations under the AEDPA to apply only to habeas petitions filed after the AEDPA's enactment).

As the Court previously noted, Petitioner's habeas petition does not allege, or provide facts that indicate, that subsection (B), (C), or (D) of 28 U.S.C. § 2244(d)(1) applies. (*See* January 29 Order, Dkt. 4, at 3 & n.2.) Therefore, under § 2244(d)(1)(A), the statute of limitations began to run on June 9, 2013—90 days after the New York Court of Appeals denied Petitioner leave to appeal, given that Petitioner did not seek review from the United States Supreme Court. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003); *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001). The one-year limitations period accordingly expired on June 9, 2014, and the instant petition, filed on November 25, 2020, is untimely unless statutory or equitable tolling is applicable.

## II.  Statutory Tolling

In calculating the one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, "merely excludes from the calculation of the one year period any time during which post-conviction relief is pending"; it "cannot revive a time period that has already expired." *Evans v. Senkowski*, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002); *cf. Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Because Petitioner did not commence any state collateral or post-conviction proceedings before his initial one-year limitations period expired on June 9, 2014 (*see* Pet'r Aff., Dkt. 6, ¶¶ 2–3), he is not entitled to any statutory tolling.

## III.  Equitable Tolling

Petitioner is also not entitled to the benefit of equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted); *see also Harper v. Ercole*, 648 F.3d 132, 136–39 (2d Cir. 2011) (discussing the equitable tolling factors). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (per curiam). Even though an "extraordinary" circumstance does not necessarily have to be unusual among the universe of prisoners, it does have to present a "severe" obstacle "for the prisoner endeavoring to comply with AEDPA's limitations period." *Id.* (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

4

Moreover, there must be "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citations omitted); *accord Harper*, 648 F.3d at 137–38. In short, to be eligible for equitable tolling, "a petitioner must demonstrate extraordinary circumstances beyond his control that prevented him from timely filing his petition," and "that he acted with reasonable diligence throughout the period he seeks to toll." *Harper*, 648 F.3d at 137–38 (internal quotation marks and citations omitted).

Petitioner asserts that he is entitled to equitable tolling because his former defense attorney did not file a C.P.L. § 440.20 motion to set aside the sentence and failed to inform Petitioner of this fact. (*See* Pet'r Aff., Dkt. 6, ¶ 2.) Legal mistakes by attorneys "normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period," although "at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (emphasis removed). For example, an attorney's failure to file a habeas petition upon specific directions from the client to do so, which violates "a basic duty of an attorney to his client," is extraordinary. *See id.*; *see also Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) ("[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' for purposes of tolling [the AEDPA]'s limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship."). On the other hand, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (internal citations and quotation marks omitted); *see also Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000) (holding that an attorney's mistake as to the time remaining

5

to file a habeas petition did not constitute an extraordinary circumstance), *superseded by statute on other grounds*, N.Y. Crim. Proc. Law § 450.90(1).[3]

Here, Petitioner's allegation is simply that he "was under the impression" that his former defense attorney was going to file a § 440.20 motion. (*See* Pet'r Aff., Dkt. 6, ¶ 2.) Yet, Petitioner does not provide specific facts or evidence to show what led him to believe that his defense counsel would file a § 440.20 motion. Notably, Petitioner does not claim that he directed counsel to file such a motion and counsel failed to do so. (*See id.*) Rather, all Petitioner provides is a vague assertion that, at some unspecified point, Petitioner "wrote [] defense counsel" concerning some unknown topic, and defense counsel "reassured [] Petitioner that because [Petitioner's] appeal was denied due to [defense counsel's] failure to object to the issue prior to senten[cing], [defense counsel] was going to make it right." (*Id.*) This vague assertion does not provide grounds to conclude that Petitioner's defense counsel acted with anything more than excusable neglect, or otherwise acted so outrageously or incompetently that those actions presented an extraordinarily severe obstacle to Petitioner's endeavor to comply with the AEDPA's statute of limitations. *Cf. Dillon*, 642 F.3d at 363; *Baldayaque*, 338 F.3d at 152. Accordingly, the Court concludes that Plaintiff has not met the "high bar" of showing sufficiently extraordinary circumstances that would justify equitable tolling. *See Dillon*, 642 F.3d at 363.

Even if, however, the circumstances here were extraordinary, Petitioner has failed to demonstrate that he acted with reasonable diligence throughout the more than six-year period he seeks to toll. *See Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) ("Even where the extraordinary

---

[3] Other instances where the Second Circuit determined that equitable tolling was justified include "a correctional officer's intentional confiscation of a prisoner's petition shortly before the filing deadline" and "a state appellate court's failure to inform a prisoner that his leave to appeal was denied." *See Dillon*, 642 F.3d at 363 (collecting cases).

circumstances on which the petitioner rests his claim involve attorney incompetence, the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure that his petition was filed on time."). To start, Petitioner's affirmation does not disclose any attempts by Petitioner to file a § 440.20 motion or federal habeas petition, or explain why such an attempt was not possible, before the expiration of the AEDPA's one-year limitations period. *See id.* ("[T]he act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition."); *see also Lowe v. Bradt*, No. 12-CV-793 (NGG) (LB), 2014 WL 3490366, at *10 (E.D.N.Y. July 11, 2014) ("While a properly filed application for state post-conviction review may have tolled the statute of limitations[,] thereby giving Petitioner more time to file a habeas petition, failure to file such a claim in no way precluded or prevented Petitioner from filing a separate habeas petition in federal court in a timely manner."). Indeed, Petitioner's affirmation suggests that after being told that defense counsel "was going to make it right," Petitioner did not write again to counsel until April 2015, almost a year after the limitations period had expired, at which point defense counsel "was not responsive." (Pet'r Aff., Dkt. 6, ¶ 2.) Even then, Petitioner did nothing for more than five years, waiting until June 2020 before filing a § 440.20 motion. (*See id.* ¶¶ 2–3.)

In short, Petitioner has not demonstrated that the circumstances here are extraordinary or that he diligently pursued his rights during the seven years between the time his sentence became final in June 2013 and the time he filed his C.P.L. § 440.20 motion in June 2020. Equitable tolling is therefore unwarranted.

## CONCLUSION

The petition for a writ of habeas corpus is dismissed as time-barred under 28 U.S.C. § 2244(d)(1). A certificate of appealability will not issue because the Court does not find that reasonable jurists could debate that this case "should have been resolved in a different manner" or

7

that it raises issues "adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also* 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 20, 2021
      Brooklyn, New York