UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RANDOLPH CHASE,

                        Petitioner,                    **MEMORANDUM & ORDER**

          - against -                              20-CV-6112 (PKC)

JULIE WOLCOTT, Superintendent,
Orleans Correctional Facility,

                        Respondent.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       Petitioner Randolph Chase, currently incarcerated at the Orleans Correctional Facility and proceeding *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (Section 2254 Petition ("2254 Pet."), Dkt. 1.) Petitioner challenged his "unlawful sentence" and asserted that he was "entitle[d] to be resentence[d] as a first felony offender," rather than a repeat offender. (*See id.* at ECF[1] 2, 11.) On May 20, 2021, after providing Petitioner an opportunity to show cause by written affirmation, the Court issued a Memorandum & Order dismissing Petitioner's § 2254 petition as time-barred under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). (*See* Memorandum & Order dated May 20, 2021 ("May 20 M&O"), Dkt. 8, at 2–8.) On the same day, as reflected on the Court's CM/ECF docketing system, a copy of the Memorandum & Order and copies of all unpublished cases cited in the Memorandum & Order were mailed to Petitioner. On May 21, 2021, the Clerk of Court entered judgment and closed this case. (*See* Judgment, Dkt. 9.) A copy of the Judgment, along with information on appealing the Judgment, was mailed to Petitioner.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Pursuant to a letter motion filed on June 14, 2021,[2] Petitioner now moves for relief under Federal Rule of Civil Procedure 60(b)(4).  Petitioner asserts that the Judgment is void because, with respect to the May 20, 2021 Memorandum & Order, "nowhere in the docket does it reflect an order directing the clerk to serve the Petitioner, nor does the docket reflect service by the clerk, thus making the [May 20, 2021] order of the court void."  (Rule 60(b) Motion, Dkt. 10, at ECF 1.)  Petitioner claims a "Due Process violation."  (*Id.* at ECF 2.)

Petitioner has also filed a "Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241(c)(3)," which states that it is being brought "in[ ]conjunction with" 28 U.S.C. § 2254.  (Section 2241 Petition ("2241 Pet."), Dkt. 11, at ECF 1.)  Although this petition is difficult to decipher, it appears to raise some of the same arguments raised in Petitioner's prior petition under 28 U.S.C. § 2254, namely that the state appellate court's rejection of Petitioner's application for leave to appeal the denial of a motion under New York Criminal Procedure Law ("C.P.L.") § 440.20 violates Petitioner's constitutional right to due process.  (*Compare* 2254 Pet., Dkt. 1, at ECF 5–6, *with* 2241 Pet., Dkt. 11, at ECF 3–4.)

For the reasons below, the Court denies the Rule 60(b) motion, and transfers the § 2241(c)(3) petition to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

**I.    Rule 60(b) Motion**

As an initial matter, the Court considers whether it has jurisdiction to decide Petitioner's Rule 60(b) motion.  Under AEDPA, a habeas petitioner, before filing a "second or successive"

---

[2] Under the "prison mailbox" rule, which has been extended to *pro se* habeas petitions and motions, the date of filing of a document is the date on which the document is given to prison officials. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (per curiam).  Petitioner's letter motion includes an Affidavit of Service of Mailing, which indicates that the motion was mailed on June 14, 2021.  (*See* Rule 60(b) Motion, Dkt. 10, at ECF 3.)

petition in the district court, must "move in the appropriate court of appeals for an order authorizing the district court to consider" the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Graves v. Smith*, 811 F. Supp. 2d 601, 607 (E.D.N.Y. 2011) ("A successive habeas petition must be pre-certified by the Court of Appeals as falling within one of [the exceptions under 28 U.S.C. § 2244(b)(2)]."), *aff'd sub nom. Graves v. Phillips*, 531 F. App'x 27 (2d Cir. 2013) (summary order). A Rule 60(b) motion for relief from judgment may be a "second or successive" petition, requiring pre-certification from the Circuit, "if it attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *accord Graves*, 811 F. Supp. 2d at 607. On the other hand, a Rule 60(b) motion is not a second or successive petition if it raises "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *cf. Banister v. Davis*, 140 S. Ct. 1698, 1709–11 (2020) (distinguishing a Rule 59(e) motion from a Rule 60(b) motion and holding that Rule 59(e) motions are not second or successive habeas applications). Here, Petitioner's Rule 60(b) motion asserts that the Court's judgment is "void" under Rule 60(b)(4) because of an alleged due process violation based on a purported lack of proper service of the Court's May 20, 2021 Memorandum & Order. (*See* Rule 60(b) Motion, Dkt. 10, at ECF 1–2.) Petitioner's motion therefore raises "some defect in the integrity of the federal habeas proceedings," and is not a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 532; *see also Graves*, 811 F. Supp. 2d at 607 (concluding that a Rule 60(b) motion was not a successive habeas petition because it argued "that the court's procedures . . . did not adequately protect [the petitioner's] right to due process").[3] Accordingly, the Court turns to the merits of Petitioner's Rule 60(b) motion.

---

[3] The Court notes that Petitioner's motion, although styled as a motion under Rule 60(b), was filed on June 14, 2021, and thus falls within the 28-day time limit for a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e); *see also Banister*, 140 S. Ct. at 1710 (distinguishing a Rule 60(b) motion,

3

The motion is meritless. Contrary to Petitioner's assertion, and as reflected on the Court's CM/ECF docketing system, the May 20, 2021 Memorandum & Order was filed electronically (Dkt. 8), and a copy of the Memorandum & Order, along with copies of all unpublished decisions cited therein, was mailed to Petitioner on the same day. Likewise, on May 21, 2021, the Court entered a separate judgment (Dkt. 9), and this was also mailed to Petitioner. Petitioner has no basis to claim a due process violation, and his Rule 60(b) motion is denied.[4]

## II.    Section 2241(c)(3) Petition

Although Petitioner's petition is nominally labeled one "pursuant to 28 U.S.C. § 2241(c)(3)" (Dkt. 11, at ECF 1), the proper vehicle for state prisoners to bring collateral challenges to their convictions and sentences, on grounds that their custody violates the Constitution, is generally a petition under 28 U.S.C. § 2254. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277–78 (2d Cir. 2003) ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs." (internal quotation marks, alterations, and citations omitted)); *see also James v. Walsh*, 308 F.3d 162, 166–67 (2d Cir. 2002). The instant petition, although difficult to decipher and understand, appears to raise some of the same arguments raised in Petitioner's earlier petition under 28 U.S.C.

---

which is "often distant in time" with respect to the initial habeas proceeding, from a Rule 59(e) motion, which "is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal").

[4] Petitioner's citation to *Franklin v. McHugh*, 804 F.3d 627 (2d Cir. 2015), is inapposite. (*See* Rule 60(b) Motion, Dkt. 10, at ECF 1–2.) In *Franklin*, the Second Circuit concluded that because the appellant's counsel did not properly complete the electronic filing process with respect to filing the notice of appeal, the notice of appeal was not timely filed, and the court of appeals lacked jurisdiction. 804 F.3d at 628. There can be no dispute in this case that the Court's May 20, 2021 Memorandum & Order was properly filed electronically. (*See* Dkt. 8.)

§ 2254 (*compare* 2254 Pet., Dkt. 1, at ECF 5–6, *with* 2241 Pet., Dkt. 11, at ECF 3–4),[5] and the instant petition even states that it is being brought "in[ ]conjunction with" 28 U.S.C. § 2254 (2241 Pet., Dkt. 11, at ECF 1). Thus, the Court construes Petitioner's filing as a petition under 28 U.S.C. § 2254.

The Court denied Petitioner's earlier petition under 28 U.S.C. § 2254 as time-barred under AEDPA's one-year statute of limitations. (*See* May 20 M&O, Dkt. 8, at 2–8). This is considered a decision on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Additionally, as far as the Court can tell, the instant petition "raises a claim that was, or could have been, raised in an earlier petition," and it is therefore a "second or successive" petition under 28 U.S.C. § 2244(b). *See James*, 308 F.3d at 167 (citations omitted); *see also Thomas v. Superintendent/Woodbourne Corr. Facility*, 136 F.3d 227, 229 (2d Cir. 1997) (per curiam) (directing the district court to determine if a subsequent habeas petition was successive by determining "whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition").

As explained above, a second or successive habeas petition must be pre-authorized by "the appropriate court of appeals"—here, the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Graves*, 811 F. Supp. 2d at 607. No such authorization has been obtained. In this situation, the Court has no jurisdiction over the unauthorized petition

---

[5] The instant petition also seems to raise a similar argument to that raised in the Rule 60(b) motion. (*See* 2241 Pet., Dkt. 11, at ECF 2–3.) As already discussed, any such argument lacks merit.

and must transfer it to the Second Circuit. *See Torres v. Senkowski*, 316 F.3d 147, 151–52 (2d Cir. 2003).

## CONCLUSION

Accordingly, Petitioner's Rule 60(b) motion for relief from judgment (Dkt. 10) is denied, and Petitioner's nominally labeled "Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241(c)(3)" (Dkt. 11), which the Court construes as a second or successive § 2254 petition, must be transferred to the United States Court of Appeals for the Second Circuit. The Clerk of Court is respectfully directed to transfer Petitioner's submission to the Second Circuit. If the Circuit authorizes Petitioner to proceed, he may move to reopen this proceeding under this docket number. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 7, 2021
       Brooklyn, New York